**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | | |
|---|---|---|
| **ARISTOCLES ENTERPRISES, LLC** § | | |
| **DBA THE PLATO GROUP** § | | |
| **PLAINTIFF,** § | | |
| § | | |
| VS. § | **CIVIL ACTION NO: 6:23-CV-262** | |
| § | | |
| **KEU, INC.** § | | |
| **DEFENDANT.** § | **JURY DEMANDED** | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff Aristocles Enterprises, LLC dba the Plato Group ("Plato") brings this suit against Defendant KEU, Inc. (the "Defendant"), and respectfully shows the Court as follows:

## I. NATURE OF SUIT

1. Plato, a limited liability company formed under the laws of the State of Texas, brings this diversity suit against KEU, a corporation of the State of Washington, for breach of contract, suit on sworn account, for violations of the Texas Prompt Pay Act, quantum meruit, and unjust enrichment to enforce an agreement between the Parties related to construction consulting services provided by Plato.

## II. PARTIES

2. Plaintiff Aristocles Enterprises, LLC dba the Plato Group is a limited liability company formed and existing under the laws of the State of Texas and is located at 100 E. Ferguson, Suite 416, Tyler, Texas 75702. All members of Aristocles Enterprises, LLC dba the Plato Group are residents of the State of Texas.

3. Defendant KEU, Inc. is a corporation formed and existing under the laws of the State of Washington with its principal place of business located at 201 NE 135th Street, Vancouver,

Washington 98685. It may be served with the Complaint and Summons by serving the Texas Secretary of State at 1701 Directors Boulevard, Suite 300, Austin, Texas 78744.

## III. Jurisdiction & Venue

4. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.

5. This Court has personal jurisdiction over KEU because KEU has established minimum contacts in the Eastern District of Texas such that the exercise of jurisdiction would not offend traditional notions of fair play and substantial justice due to it conducting business in Texas. Specifically, KEU has entered into contractual relationships with Plato in the Eastern District of Texas, which gives rise to the causes of action filed in this matter.

6. Venue is proper in the Eastern District of Texas, Tyler Division, pursuant to the Parties' contract, which mandates this Court as the proper venue. Further venue is proper pursuant to 28 U.S.C. § 1391(b), because a substantial part of the events or omissions giving rise to Plato's claims occurred in the Eastern District of Texas.

## IV. Facts

7. Plato is in the business of providing consulting services related to construction, military, and government procurement.

8. On February 18, 2020, Plato and KEU entered into a Master Service Agreement (the "Agreement") for Plato to provide consulting services for KEU. A copy of the Agreement is attached as **Exhibit A** and incorporated by reference.

9. On January 28, 2022, Plato and KEU executed a task order wherein Plato was to provide consulting services for the Coal Creek Scour Repair project in accordance with the terms

of the Agreement. Pursuant to the task order and the Agreement, Plato provided the consulting services (the "Services") to KEU.

10. Plato provided the Services to KEU on an open account (the "Account").

11. KEU represented that it would promptly pay in full for the Services provided by Plato as described in the Agreement.

12. KEU accepted the Services provided by Plato.

13. Plato invoiced KEU for the Services pursuant to and consistent with the terms of the Agreement. The charges invoiced to KEU were usual, customary, and reasonable for the Services provided. The Account represents a transaction or series of transactions for which a systematic record has been kept. A true and correct copy of the Account is attached as **Exhibit B** and incorporated by reference. A true and correct copy of the invoices ("Invoices") are attached hereto as **Exhibit C** and incorporated by reference.

14. Despite written demand for payment, KEU has failed and refused to pay, and continue to refuse to pay, the amount due. After application of all credits and offsets, the amount of $94,273.75, plus interest and attorney's fees, is immediately due and owing on the Account pursuant to the Agreement and the Invoices.

## VI. CLAIMS FOR RELIEF

### Count I – Breach of Contract

15. Plato repeats and realleges the paragraphs above as if set forth fully herein.

16. Plato entered into a valid contract with KEU.

17. Plato performed its obligations and supplied the material required under the Agreement.

18. KEU failed to pay the amount owed to Plato under the Agreement, which is within the jurisdictional limits of this Court.

19. Plato has suffered damages of at least $94,273.75.

20. Plato is entitled to recover its attorney's fees from KEU pursuant to the terms of the Agreement and pursuant to Chapter 38 of the Texas Civil Practice & Remedies Code because its claims are for breach of contract.

**Count II – Suit on Sworn Account**

21. Plato incorporates by reference all allegations in the foregoing paragraphs as if set forth fully herein.

22. Plato provided the Services to KEU on an open account. KEU accepted the Services and became bound to pay Plato its designated charges, which were reasonable and customary and in accordance with the terms of the Agreement.

23. Plato attaches the required affidavit verifying the Account as **Exhibit D** and incorporates it by reference. The Account represents a record of the transactions that are similar to records Plato systematically keeps in the ordinary course of business. See **Exhibit D**.

24. After Plato provided the Services, KEU did not make full payment to Plato of the total amounts owed. **See Exhibit D.**

25. This claim is just and true, it is due, and all just and lawful offsets, payments, and credits have been allowed. See **Exhibit D**.

26. The principal balance due on the Account is $94,273.75. **See Exhibit D.**

27. Plato is also entitled to recover reasonable and necessary attorney's fees pursuant to the terms of the Agreement and under Texas Civil Practice & Remedies Code § 38.001(7) because this is a suit on a sworn account.

**Count III – Violation of the Texas Prompt Pay Act**

28.     Plato repeats and realleges the paragraphs above as if set forth fully herein.

29.     On information and belief, KEU received a payment from the owner of the Property in connection with a contract to improve real property.

30.     KEU failed to timely pay Plato for the Services.

31.     As a result, Plato brings this action to enforce payment under Chapter 28 of the Texas Property Code, and statutory interest is accruing and owed to Plato.

32.     Plato is entitled to recover reasonable costs and reasonable attorney's fees under Chapter 28 of the Texas Property Code.

**Count IV – Unjust Enrichment**

33.     Plato repeats and realleges the paragraphs above as if set forth fully herein.

34.     Alternatively, KEU has been unjustly enriched at Plato's detriment in the amount of $94,273.75. Plato seeks recovery of the unjust enrichment.

**Count V – Quantum Meruit**

35.     Plato repeats and realleges the paragraphs above as if set forth fully herein.

36.     Alternatively, Plato provided the Services to KEU under circumstances which KEU knew, or reasonably should have known, that Plato expected payment, without making payment. KEU is therefore liable to Plato in the amount of $94,273.75, the reasonable value of the Services it furnished KEU for the project.

## VIII. JURY DEMAND

37.     Plato requests a jury trial.

## PRAYER

WHEREFORE, Plaintiff, Aristocles Enterprises, LLC dba the Plato Group prays that it recover from Defendant KEU, Inc. the following:

1. Damages in the principal amount of $94,273.75;
2. Prejudgment interest at the highest rate permitted by Texas law;
3. Post-judgment interest at the highest rate permitted by Texas law;
4. Reasonable and necessary attorney's fees;
5. Court costs; and
6. Such other and further relief as the Court deems just.

Respectfully submitted,

/s/ *Eric Kolder*_____
ERIC KOLDER
State Bar Card No. 24083323
ekolder@rameyflock.com
ARCHER K. RAMEY
State Bar No. 24103596
aramey@rameyflock.com
100 E. Ferguson, Suite 500
Tyler, Texas 75702
(903) 597-3301
(903) 597-2413 (FAX)

**ATTORNEYS FOR PLAINTIFF**