**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | | |
|---|---|---|
| **ARISTOCLES ENTERPRISES, LLC dba THE PLATO GROUP** | § | |
| **PLAINTIFF,** | § | |
| | § | |
| VS. | § | CIVIL ACTION NO: 6:23-CV-262 |
| | § | |
| **KEU, INC.** | § | |
| **DEFENDANT.** | § | JURY DEMANDED |

<u>**PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**</u>

TO THE CLERK OF THE COURT:

Pursuant to Rule 55(b) of the Federal Rules of Civil Procedure, Plaintiff Aristocles Enterprises, LLC d/b/a The Plato Group ("Plato"), files this Motion for Default Judgment and as grounds states the following:

### I. PROCEDURAL BACKGROUND

Plato filed its Original Complaint bringing a diversity suit against KEU, Inc. (the "Defendant"), a corporation of the State of Washington, for breach of contract, suit on sworn account, for violations of the Texas Prompt Pay Act, quantum meruit, and unjust enrichment to enforce an agreement between the Parties related to construction consulting services provided by Plato (Doc. 1). Pursuant to the Texas Long Arm Statute, Defendant was served the Summons and the Original Complaint on June 13, 2023, by serving Defendant's registered agent by certified mail, return receipt requested, by mailing the Summons and the Original Complaint to the Texas Secretary of State (Doc. 6). Defendant's answer deadline was July 7, 2023; however, it has failed to plead or otherwise respond to the complaint. Accordingly, on September 12, 2023, the clerk's default was entered against the Defendant. (Doc. 8).

## II.  LEGAL STANDARD

Rule 55 of the Federal Rules of Civil Procedure sets forth certain conditions under which default may be entered against a party, as well as the procedure to seek the entry of default judgment. Fed.R.Civ.P. 55. The Fifth Circuit requires a three-step process for securing a default judgment. *N.Y. Life Ins. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). First, a default occurs when a defendant has failed to plead or otherwise respond to the complaint within the time required by Rule 12 of the Federal Rules of Civil Procedure. Fed.R.Civ.P. 55(a); *N.Y. Life Ins.*, 84 F.3d at 141. Second, the clerk must enter the party's default when it is established by affidavit or otherwise. Fed.R.Civ.P. 55(a); *N.Y. Life Ins.*, 84 F.3d at 141. Lastly, a plaintiff must then apply for a default judgment.

After the clerk enters the default, "the plaintiff's well-pleaded factual allegations are taken as true, except regarding damages." *U.S. for Use of M-Co Constr., Inc. v. Shipco Gen., Inc.*, 814 F.2d 1011, 1014 (5th Cir. 1987). If the claim is for a sum certain or a sum that can be mathematically calculated the clerk enters judgment. Fed.R.Civ.P. 55(b)(1). In all other cases, the party must apply to the court for a default judgment, and a court may hold a hearing if necessary to conduct an accounting, determine the amount of damages, establish the truth of any allegation by evidence, or to investigate any other matter. Fed.R.Civ.P. 55(b)(2).

The Court can grant a default judgment awarding damages without holding a hearing "[i]f the amount of the judgment can be reliably computed from the record, and a party is otherwise entitled to default judgment." *Frozen Foods Express Transp. Servs. v. Lyons,* 2010 WL 1644187, *1 (N.D. Tex. Apr. 22, 2010) (Lindsay, J.).

## III.  DEFAULT JUDGMENT

### A. Steps One and Two are complete.

In this case, Defendant has failed to plead or otherwise respond to the complaint within the time required by Rule 12, and the Clerk entered a default accordingly on September 12, 2023. Consequently, Plato here applies for a default judgment.

**B. Damages.**

**(1) Plato is entitled to $94,273.75 in damages without a hearing.**

Plato has proven with competent evidence before the Court that Plato is entitled to $94,273.75 in actual and compensatory damages.

The Court can grant a default judgment awarding Plato's damages without holding a hearing "[i]f the amount of the judgment can be reliably computed from the record, and a party is otherwise entitled to default judgment." *Frozen Foods Express Transp. Servs. v. Lyons,* 2010 WL 1644187, *1 (N.D. Tex. Apr. 22, 2010) (Lindsay, J.); *see Ins. Co. of West v. H&G Contractors, Inc.,* 2011 WL 4738197, *4 (S.D. Tex. Oct. 5, 2011) (*citing James v. Frame,* 6 F.3d 307, 310 (5th Cir. 1993)) ("when the amount of damages and/or costs can be determined with certainty by reference to the pleadings and supporting documents, and when a hearing would not be beneficial, a hearing is unnecessary.").

Here, the Parties entered into a Master Service Agreement on February 18, 2020 (the "Agreement") for Plato to provide consulting services for Defendant. A copy of the Agreement is attached as **Exhibit 1.**

On January 28, 2022, Plato and KEU executed a task order wherein Plato was to provide consulting services for the Coal Creek Scour Repair project in accordance with the terms of the Agreement. Pursuant to the task order and the Agreement, Plato provided the consulting services (the "Services") to KEU.

Plato provided the Services to KEU on an open account (the "Account").

KEU represented that it would promptly pay in full for the Services provided by Plato as described in the Agreement.

KEU accepted the Services provided by Plato.

Plato invoiced KEU for the Services pursuant to and consistent with the terms of the Agreement. The charges invoiced to KEU were usual, customary, and reasonable for the Services provided. The Account represents a transaction or series of transactions for which a systematic record has been kept. See **Exhibit 2**. A true and correct copy of the Account is attached as **Exhibit 2-A** and incorporated by reference. A true and correct copy of the invoices ("Invoices") are attached hereto as **Exhibit 2-B** and incorporated by reference.

Despite written demand for payment, KEU has failed and refused to pay, and continues to refuse to pay, the amount due. After application of all credits and offsets, the amount of $94,273.75, plus interest and attorney's fees, is immediately due and owing on the Account pursuant to the Agreement and the Invoices. See **Exhibits 2, 2-A & 2-B.**

Thus, the Court should award Plato $94,273.75 in compensatory damages caused by Defendant. Further, the Court may do so without holding a hearing because the damages can be determined with certainty by referring to the record.

**(2)     Attorney's Fees.**

Since Plato's claims are fee bearing, Plato also seeks its attorney's fees under Section 38.001 of the Texas Civil Practice & Remedies Code.

To date, Plato's claims have not been paid or satisfied. Plato had to retain the undersigned attorneys to represent Plato's legal interests in this matter and to prosecute Plato's claims. Plato, therefore, requests and is entitled to recovery of its reasonable and necessary attorney's fees from the Defendant in this case. Tex. Civ. Prac. & Rem. Code § 38.001 & **Exhibit 3, Affidavit of Eric**

**Kolder**.

Plato's attorneys have supported the requested fees by sworn declaration, logging the hours spent working on Plato's action with explanation of the work rendered in connection with this case, and noting their hourly rates as in accordance with that customarily charged by attorneys with their skill and experience in cases of this nature. See **Exhibit 3**, Affidavit of Eric Kolder. The total attorney's fees incurred through the filing of this Motion are $4,605.00, and the anticipated additional fees for initial collection efforts are $1,500.

> **(3)     Plato is entitled to prejudgment & post-judgment interest.**

The Court can award prejudgment interest to Plato. *See Meaux Surface Prot., Inc. v. Fogleman,* 607 F.3d 161, 172 (5th Cir. 2010) ("State law governs the award of prejudgment interest in diversity cases.... In the absence of a statutory right to pre-judgment interest, Texas law allows for an award of equitable prejudgment interest."). "Prejudgment interest [on the contract claim] begins to accrue on the earlier of (1) 180 days after the date the defendant receives written notice of a claim or (2) the date the suit is filed." *Arete Partners v. Gunnerman,* 643 F.3d 410, 414 (5th Cir. 2011) (internal quotations omitted). Additionally, "prejudgment interest accrues at the rate for postjudgment interest and it shall be computed as simple interest." *Id.* (internal quotations omitted). Under Texas law, the postjudgment interest rate—and thus, the prejudgment interest rate—is "the prime rate as published by the Board of Governors of the Federal Reserve System on the date of the computation" or "five percent a year if the prime rate... is less than five percent." Tex. Fin. Code § 304.003(c).

Accordingly, Plato seeks prejudgment interest, which is calculated at a rate of 5% from May 17, 2023—the date Plato's Original Complaint was filed—to the date this Motion was filed on an award of $94,273.75 in actual and compensatory damages.

Federal law governs postjudgment interest. *Meaux,* 607 F.3d at 173. "Postjudgment interest is awarded as a matter of course." *Id.* (*citing* 28 U.S.C. § 1961(a) (2006)). "Such interest shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding. [sic] the date of judgment." 28 U.S.C. § 1961(a).

Therefore, Plato seeks post judgment interest in an amount to be determined by the rate in effect at the time the judgment is entered.

### (4)     Plato is entitled to its costs.

Plato also seeks costs in the amount of $457.00, including $400 for the filing fee in this case and $55.00 for service of process. See Fed. R. Civ. P. 54(d) ("costs—other than attorney's fees—should be allowed to the prevailing party.").

### IV.     CONCLUSION

Based on the foregoing, Plaintiff Aristocles Enterprises, LLC dba The Plato Group respectfully requests that a final judgment be entered against Defendant KEU, Inc. in the amounts shown on the attached proposed Final Judgment. Plaintiff further requests that this Honorable Court award attorney's fees in the amount of $6,105.00 and costs in the amount of $457.00 for total fees and costs in the amount of $6,562.00.

Respectfully submitted,

/s/ *Archer Ramey*
ERIC KOLDER
State Bar Card No. 24083323
ekolder@rameyflock.com
ARCHER K. RAMEY
State Bar Card No. 24103596
aramey@rameyflock.com
RAMEY & FLOCK, P.C.
100 E. Ferguson, Suite 500
Tyler, Texas 75702

(903) 597-3301

**ATTORNEYS FOR PLAINTIFF**

**CERTIFICATE OF SERVICE**

      I certify that on October 4, 2023, I electronically filed the foregoing document with the clerk of court for the U.S. District Court, Eastern District of Texas, using the CM/ECF electronic case filing system of the court. The electronic case filing system will send a "Notice of Electronic Filing" notification to all case participants registered for electronic notice, including all *pro se* parties and/or attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means. I further certify that I have served to the extent applicable all case participants not registered for electronic notice by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

      */s/ Archer Ramey*
      Archer Ramey, Attorney for Plaintiffs