# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## TYLER DIVISION

|  |  |  |
|---|---|---|
| | § | |
| ARISTOCLES ENTERPRISES, LLC | § | |
| d/b/a THE PLATO GROUP, | § | |
| | § | |
| Plaintiff, | § | |
| | § | Case No. 6:23-cv-262-JDK |
| v. | § | |
| | § | |
| KEU, INC., | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER GRANTING
## MOTION FOR DEFAULT JUDGMENT

This is a breach of contract case.  Plaintiff Aristocles Enterprises, LLC d/b/a The Plato Group ("Plato") entered into a contract with Defendant KEU, Inc. ("KEU") for the provision of Plato's consulting services.[1]  Docket No. 1 ¶ 8.  KEU failed and refused to pay the amount due pursuant to the contract.  *Id.* ¶ 14.  KEU has not answered or otherwise appeared in the time allowed under Federal Rule of Civil Procedure 12(a), and the Clerk has entered default.  Docket No. 8.  Plato now moves for default judgment, seeking damages, attorneys' fees, prejudgment and post-judgment interest, and costs.  Docket No. 9 at 3–6.

As explained below, the Court **GRANTS** the motion.

---

[1]  Because KEU has not appeared, filed a responsive pleading, or responded to the motion for default judgment, the Court accepts as true Plato's well-pleaded facts.  *See Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).

# I.

Plato provides consulting services related to construction, military, and government procurement. Docket No. 1 ¶ 7. On February 18, 2020, Plato and KEU contracted for Plato to provide consulting services to KEU. *Id.* ¶ 8, *see also* Docket No. 9, Ex. 1 at 4. On January 28, 2022, Plato and KEU executed a task order pursuant to their contract. Docket No. 1 ¶ 9; Docket No. 9, Ex. 1 at 5. Plato provided and KEU accepted the consulting services. Docket No. 1 ¶¶ 9, 12; Docket No. 9, Ex. 2. KEU represented that it would promptly pay Plato in full for the services. Docket No. 1 ¶ 13. Plato thereafter invoiced KEU $94,273.75 for the consulting services consistent with the terms of their agreement. *Id.* ¶ 14; *id.*, Ex. B. Plato also demanded payment, but KEU failed and refused to pay. *Id.* ¶ 14. KEU continues to refuse to pay the amount due. *Id.*

On May 17, 2023, Plato filed this lawsuit, claiming breach of contract, suit on sworn account, violations of the Texas Prompt Pay Act, quantum meruit, and unjust enrichment. Docket No. 1. On June 13, 2023, Plato properly served summons and the complaint through the Texas Secretary of State, and later filed the executed return of service. Docket Nos. 3, 6. To date, KEU has not appeared, answered, or otherwise responded to the complaint. On September 12, 2023, Plato filed a request for Clerk's Entry of Default against KEU, which the Clerk entered on the same day pursuant to Federal Rule of Civil Procedure 55(a). Docket Nos. 7, 8.

Plato now seeks default judgment under Rule 55(b)(2). Docket No. 9. Plato requests the Court enter default judgment and award Plato (1) damages of $94,273.75

without a hearing; (2) attorneys' fees of $6,105 pursuant to Section 38.001 of the Texas Civil Practice and Remedies Code, (3) prejudgment interest, (4) post-judgment interest, and (5) costs of $457.  *Id.* at 3–6.  KEU has not filed a response.

## II.

The Fifth Circuit has adopted a three-step process to obtain a default judgment.  *See N.Y. Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996).  First, a default occurs when a party "has failed to plead or otherwise defend" against an action. Fed. R. Civ. P. 55(a).  Second, an entry of default must be entered by the Clerk when the default is shown "by affidavit or otherwise."  *Id.*; *N.Y. Life*, 84 F.3d at 141. And third, a party may apply to the court for a default judgment after an entry of default.  Fed. R. Civ. P. 55(b); *N.Y. Life*, 84 F.3d at 141.  Here, the Clerk filed an entry of default on September 12, 2023.  Docket No. 8.

The Court must now determine whether default judgment is proper.  *N.Y. Life*, 84 F.3d at 141.  "[T]he entry of default judgment is committed to the discretion of the district judge."  *Mason v. Lister*, 562 F.2d 343, 345 (5th Cir. 1977).  As the Fifth Circuit has explained, "[d]efault judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations."  *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989) (footnotes omitted).  Thus, even if a defendant is "technically in default," "[a] party is not entitled to a default judgment as a matter of right."  *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996).  When deciding whether to enter a default judgment, the Court considers the following six factors:

> [W]hether material issues of fact are at issue, whether there has been substantial prejudice, whether the grounds for default are clearly established, whether the default was caused by a good faith mistake or excusable neglect, the harshness of a default judgment, and whether the court would think itself obliged to set aside the default on the defendant's motion.

*Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998).  The Court must also assess the merits of the claims and determine whether the plaintiff has stated a proper claim for relief.  *Nishimatsu*, 515 F.2d at 1206.

## III.

### A.  Default Judgment

#### 1.  Factors Governing Entrance of Default Judgment

Applying the six factors identified above, the Court concludes that a default judgment against KEU is appropriate.

*First*, no material facts are in dispute.  KEU never answered or otherwise responded to Plato's complaint.

*Second*,  KEU has prejudiced Plato by failing to appear or respond to the complaint or Plato's motion for default judgment.

*Third*, Plato clearly establishes the grounds for default.  On June 13, 2023, Plato properly served summons and the complaint through the Texas Secretary of State.  Docket No. 3.  Plato filed the executed return of service.  Docket No. 6.  To date, KEU has not appeared, answered, or otherwise responded to the complaint.  On September 12, 2023, Plato filed a request for Clerk's entry of default against KEU, Docket No. 7, which the Clerk entered,  Docket No. 8.  Further, the Court has jurisdiction in this case under 28 U.S.C. § 1332(a)(1).  Docket No. 1 ¶¶ 2–4.

4

*Fourth*, no evidence establishes that a good faith mistake or excusable neglect caused KEU's default.  *See Prive Corp.*, 161 F.3d at 893.

*Fifth*, default judgment would not be needlessly harsh.  KEU has had ample time to file an answer or otherwise respond to the complaint and failed to do so.

*Sixth*, the Court cannot find a reason to set aside the default judgment if KEU filed a motion.  Plato clearly established the grounds for default, and KEU did not cause its default by a good faith mistake or excusable neglect.  *See id.*

All factors support entering default judgment.  Accordingly, default judgment is appropriate in this case.  *See, e.g.*, *id.*

## 2. Statement of Proper Claim for Relief

The Court also finds that Plato properly stated a claim for relief in its pleadings.  Plato's complaint includes five counts: breach of contract, suit on sworn account, violations of the Texas Prompt Pay Act, quantum meruit, and unjust enrichment.  The Court considers each count in turn.

To state a breach of contract claim under Texas law, Plato must allege "(1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach." *Conn Credit I, L.P. v. TF LoanCo III, LLC*, 903 F.3d 493, 499–500 (5th Cir. 2018) (quoting *Smith Int'l, Inc. v. Egle Grp., LLC*, 490 F.3d 380, 387 (5th Cir. 2007)).  Similarly, to allege a sworn account under Texas law, Plato must state: "(1) there was a sale and delivery of the merchandise or performance of the services; (2) the amount of the account is just, that is, that the prices were charged in

accordance with an agreement, or in the absence of an agreement, they are usual, customary, and reasonable prices for that merchandise or services; and (3) the amount is unpaid." *Noodlenet, LP v. Proctor & Gamble Distrib., LLC*, 2008 WL 11349984, at *2 (N.D. Tex. Nov. 11, 2008) (citing *Adams v. H & H Meat Prods. Inc.*, 41 S.W.3d 762, 773 (Tex. App.—Corpus Christi 2001, no pet.)).

The Court finds that Plato has alleged both claims. According to Plato's complaint and exhibits, Plato and KEU entered into a valid contract: Plato agreed to provide consulting services, and KEU agreed to pay for the consulting services. Docket No. 1 ¶ 8; *id.*, Ex. A. Both parties signed the agreement. *Id.* Plato satisfied its obligation under the contract by providing consulting services. *Id.* ¶ 9; *id.*, Ex. B. Plato, moreover, submitted invoices for its services as provided under the contract. *Id.*, Ex. C. KEU has not paid for the services. *Id.* ¶ 14. The amount of the account is in accordance with the agreement. *Id.* ¶ 13; *id.*, Exs. A, B. Plato alleges harm through the contract damages of the unpaid invoices, attorneys' fees, and court costs and fees. *Id.* ¶ 14. Plato has thus alleged the requisite elements to establish a breach of contract and suit on sworn account. *See Conn Credit I*, 903 F.3d at 499–500; *Noodlenet*, 2008 WL 11349984, at *2. Accordingly, a sufficient basis in the pleadings exists to enter a default judgment on the breach of contract and suit on sworn account claims.

Because Plato is entitled to relief through its contract with KEU, Plato cannot recover through quantum meruit. *See U.S. Quest Ltd. v. Kimmons*, 228 F.3d 399, 406 (5th Cir. 2000) ("In general under Texas law, a party seeking to recover for services

rendered will only be able to recover under quantum meruit when there is no express contract between the parties."). Similarly, Plato cannot recover through an unjust enrichment theory. *See Fortune Prod. Co. v. Conoco, Inc.*, 52 S.W.3d 671, 685 (Tex. 2000) ("The written contracts in this case foreclose any claims for unjust enrichment.").

Finally, Plato's motion does not specify how a violation of the Texas Prompt Pay Act would affect the award of damages, attorneys' fees, prejudgment and post-judgment interest, and costs related to the breach of contract and suit on sworn account claims. Accordingly, the Court will not consider whether Plato properly alleged a claim under the Texas Prompt Pay Act. *See Altima Diag. Imaging Sols., Inc. v. JDIS Grp., LLC*, 2020 WL 1666385, at *5 n.1 (N.D. Tex. Apr. 3, 2020).

## B. Relief Sought

Plato seeks five types of relief: (1) actual damages; (2) attorneys' fees (3) prejudgment interest, (4) post-judgment interest, and (5) costs. Docket No. 9 at 3–6. As explained below, there is sufficient evidence to support an award for the relief sought by Plato. However, the Court disagrees with Plato's requested amount of attorneys' fees.

### 1. Damages

Plato seeks $94.273.75 in actual damages for its breach of contract and suit on sworn account claims. Docket No. 9 at 3. In support of this amount, Plato submits the signed agreement between Plato and KEU, records detailing the charges related to the services provided, and the invoices detailing the specific tasks performed and

amounts charged.  *Id.*, Exs. 1, 2-A, 2-B.  Plato also attaches an affidavit from its manager, Dale Robert Plato, which affirms that Plato provided services to KEU and that KEU failed to pay the balance of $94,273.75.  *Id.*, Ex. 2.

For unliquidated contract damages, "[t]estimony of the total amount due under a written instrument is legally sufficient to support an award of that amount in a default judgment proceeding."  *Sinkler v. Evergreen Valley Prods., LLC*, 2023 WL 6545419, at *5 (E.D. Tex. Sept. 13, 2023) (quoting *Tex. Commerce Bank v. New*, 3 S.W.3d 515, 517 (Tex. 1999)).  "[A] trial court may rely on affidavits in proving unliquidated damages in default judgments; in fact it is error to not consider the affidavits."  *Id.* (quoting *Sherman Acquisition II LP v. Garcia*, 229 S.W.3d 802, 811 (Tex. App.—Waco 2007, no pet.)).  The attached records support Plato's assertions.  *See* Docket No. 9, Exs. 1, 2-A, 2-B.  Accordingly, the Court will award Plato actual damages of $94,273.75.  *See Sinkler*, 2023 WL 6545419, at *5.

### 2.  Attorneys' Fees

Plato requests that KEU pay its reasonable attorneys' fees in the amount of $6,105.  Docket No. 9 at 4.  In support of this claim, Plato attaches an affidavit from Plato's counsel, who attested that his hourly rate "is in accordance with that customarily charged by attorneys with [his] skill and experience in cases of this nature in this geographical region."  *Id.*, Ex. 3 ¶ 5.  The affidavit also states that the amount represents a reasonable fee for "prosecuting this case and judgment in the trial court" and "services required to perform post-judgment discovery and to satisfy the judgment by writ of execution and other procedures."  *Id.*, Ex. 3 ¶¶ 7–8.  The

affidavit, moreover, attests that the services rendered by Plato's counsel were necessary and reasonable.  *Id.*, Ex. 3 ¶ 6.  And, finally, Plato attached the invoices from its counsel reflecting the services rendered in this matter.  *Id.*, Ex. 3-A.

A party must meet two requirements to obtain an award of attorneys' fees under Texas Civil Practice & Remedies Code § 38.001: (1) a party must prevail on a cause of action for which fees are recoverable, and (2) it must recover damages.  *Kona Tech. Corp. v. S. Pac. Transp. Co.*, 225 F.3d 595, 614 (5th Cir. 2000) (citing *Green Intern. Inc. v. Solis,* 951 S.W.2d 384, 389 (Tex. 1997)).  The Court must award fees if the prevailing party meets the above requirements.  *Id.* (citing *World Help v. Leisure Lifestyles, Inc.,* 977 S.W.2d 662, 683 (Tex. App.—Fort Worth 1998, pet. denied)).  The Court has discretion to determine the proper fee amount.  *Id.* (citing *World Help*, 977 S.W.2d at 683).

Here, Plato is entitled to recover reasonable attorneys' fees.  As noted above, Plato has satisfied the requirements for a default judgment on its breach of contract and sworn account claims—both of which entitle the prevailing party to fees.  *See* Tex. Civ. Prac. & Rem. Code § 38.001.  The Court also awarded damages for Plato's claims.  *See supra* Section III.B.1.  Plato thus satisfies both requirements to obtain an award of fees.  *See Kona Tech.*, 225 F.3d at 614.

Once the Court concludes that a plaintiff is entitled to fees, it must use the lodestar method to determine the reasonable amount.  *See Migis v. Pearle Vision, Inc.*, 135 F.3d 1041, 1047 (5th Cir. 1998).  Under the lodestar method, the Court first "calculates a 'lodestar' fee by multiplying the reasonable number of hours expended

9

on the case by the reasonable hourly rates for the participating lawyers." *Id.* Second, the Court considers whether it should adjust the lodestar figure upwards or downwards based on twelve factors:

> (1) the time and labor required for the litigation; (2) the novelty and difficulty of the questions presented; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the result obtained; (9) the experience, reputation and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Id.* (citing *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974)).  The party seeking fees carries the burden to show that the hourly rate and number of hours expended on the litigation was reasonable and necessary.  *See T-Mobile USA Inc. v. Shazia & Noushad Corp.*, 2009 WL 2003369, at *5 (N.D. Tex. July 10, 2009).

Plato's counsel's affidavit and invoices allow the Court to calculate a lodestar fee of $4,605 for completed work based on the provision of 5.1 hours of legal service by Eric J. Kolder at an hourly rate of $300.00, and the provision of 12.3 hours of legal service by Archer Ramey at an hourly rate of $250.00.  *See* Docket No. 9, Ex. 3-A. These fees are reasonable based on the work performed in the case.  *See, e.g.*, *Arrow Elecs., Inc. v. Entegra Techs., Inc.*, 2016 WL 8290124, at *3 (E.D. Tex. Feb. 8, 2016). Plato does not request a variation based on the *Johnson* factors.

However, Plato also requests an additional $1500 as a reasonable fee for initial collection efforts.   Docket No. 9 at 5.  The Court cannot include the $1500 into the

lodestar fee because Plato does not base its fee on a projected number of hours or an hourly rate. *See Migis*, 135 F.3d at 1047. Further, the lodestar includes only the number of hours expended, not expected to be expended. *See id.* Plato provides no support for the reasonableness of this fee.

After reviewing the evidence and considering the *Johnson* factors, the Court will award Plato $4,605 in attorneys' fees.

### 3. Prejudgment Interest

"Prejudgment interest is compensation allowed by law as additional damages for lost use of the money due as damages during the lapse of time between the accrual of the claim and the date of judgment." *Kona Tech*, 225 F.3d at 613 (citing *Johnson & Higgins of Tex. Inc. v. Kenneco Energy, Inc.*, 962 S.W.2d 507 (Tex. 1998) (emphasis omitted)). In a breach of contract case where the contract does not specify the rate, "prejudgment interest is calculated based on the statutory rate for postjudgment interest provided in section 304.003 of the Texas Finance Code." *Sinkler*, 2023 WL 6545419, at *5. The Texas Consumer Credit Commissioner determines the post-judgment interest rate as set by the Board of Governors of the Federal Reserve System at "the prime rate as published . . . on the date of computation," but the post-judgment interest rate cannot be less than five percent per year or greater than fifteen percent per year. *See* Tex. Fin. Code § 304.003. The Texas Office of Consumer Credit Commissioner published a post-judgment interest rate of 8.50% per annum. *See Interest Rates*, TEXAS OFFICE OF CONSUMER CREDIT COMMISSIONER, http://occc.texas.gov/publications/interest-rates. "[P]rejudgment interest accrues on

the amount of a judgment during the period beginning on the earlier of the 180th day after the date the defendant receives written notice of a claim or the date the suit is filed." Tex. Fin. Code § 304.104.  Plato shall recover prejudgment interest on its actual damages of $94,273.75 at the rate of 8.50%, which began to accrue on May 17, 2023, the date that Plato filed this suit.  Accordingly, the Court will award Plato $4,434.74 for prejudgment interest.

### 4. Post-Judgment Interest

Section 1961 of Title 28 of the United States Code governs post-judgment interest.  A prevailing party can recover post-judgment interest that accrues at the interest rate of "the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment."  28 U.S.C. § 1961(a).  Plato shall recover post-judgment interest on all amounts awarded at the rate of 5.16% per annum, compounded annually from the date of judgment until judgment is paid in full.  *See Fuchs v. Lifetime Doors, Inc.*, 939 F.2d 1275, 1280 (5th Cir. 1991); *Selected Interest Rate Instruments, Yields in percent per annum: Weekly*, FEDERAL RESERVE ECONOMIC DATA, https://fred.stlouisfed.org/release/tables?rid=18&eid=290&od=#.

### 5.  Costs

Plato also seeks costs related to filing this lawsuit, which total $457.  The Court agrees and awards costs to Plato.  *See* Fed. R. Civ. P. 54(d) ("[C]osts—other than attorney's fees—should be allowed to the prevailing party.").

### IV.

For the reasons stated herein, the Court **GRANTS** Plato's Motion for Default Judgment (Docket No. 9).  The Court will enter judgment in accordance with this order.

So **ORDERED** and **SIGNED** this **5th**  day of **December, 2023.**

JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE

13